EOD
03/17/2014

Rubin & Associates PC
13601 Preston Road
Suite 500E
Dallas TX 75240

Phone: (214) 760-7777
Bar Number: 17361550/24053317

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE:  Alan Glenn Hancock<br>xxx-xx-7319<br><br>Debtor(s) | §<br>§<br>§<br>§<br>§ | CASE NO  12-41799-BTR<br><br>CHAPTER  13 |

*AGREED*
## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, the Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Plan or a summary thereof in accordance with Rule 3015; and

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and

    b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

    c. The Debtor has surrendered or abandoned the collateral securing such claim; or

    d. The treatment of the claim complies with 11 U.S.C. § 1322(b).

IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan as filed or as amended by this Order is CONFIRMED.

2. The Debtor(s) shall pay the sum of __(A Variable Amount)__ per month for ____60____ payments together with any income tax refunds that the debtor receives during the life of the plan for a total of ____$72,944.71____ to:

    **Janna L Countryman**
    Standing Chapter 13 Trustee
    PO Box 628
    Tyler, TX 75710

    beginning __August 1, 2012__ and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further order of the Court.  Please see Exhibit "B" for a schedule of the variable payments into the Plan. Exhibit "B" is hereby incorporated and made a part of this Order.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, Section 1326 of the Bankruptcy Code, and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

5. The order of payment, unless otherwise directed, shall be:

   a. The percentage fee fixed for the Trustee pursuant to 11 U.S.C. § 1302(3);

   b. Any unpaid claim of the kind specified in 11 U.S.C. § 507(a).

   c. Creditors whose claims are timely filed and allowed in such amount and order of preference as may be provided by the Plan or as may be required to provide adequate protection of the interest of an entity with an interest in property of the estate as ordered by the Court, or as deemed necessary within the discretion of the Trustee.

6. The following priority, administrative, debtor attorney fees and specially classified claims are known to the Court at this time and are allowed as follow:

| Name of Creditor and Class or Type | Claim Amount | Principal Amt To Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| IRS CIO (Priority) | $12,262.14 | $12,262.14 | 0% | Pro-Rata | 5-38 | $12,262.14 |
| Rubin & Associates, P.C. (Attorney Fees) | $2,280.00 | $2,280.00 | 0% | First Funds | | $2,280.00 |

7. Pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) the holder of any allowed secured claim shall retain its lien securing the underlying debt until the earlier of the payment of the underlying debt as determined under nonbankruptcy law or the debtor(s) obtain a discharge under Section 1328 of the Bankruptcy Code.

8. The following secured claims are known to the Court at this time and are allowed as follows:

| Name of Creditor / Collateral | Amount Claimed / Value of Collat. | Principal Amt to Be Paid | Interest Rate | Monthly Payment | Term | Estimated Total Paid |
|---|---|---|---|---|---|---|
| US Bank National Association / Homestead | $21,322.46 / $21,322.46 | $21,322.46 | 0% | Pro-Rata | 5-38 | $21,322.46 |

9. The secured creditors listed below held a non-possessory, non-purchase money security interest on Debtor(s) exempt property. Their lien has been avoided and their claim is treated as unsecured and paid pursuant to (13) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|---|---|---|
| | | |

10. The Debtor(s), in lieu of the Trustee, shall make disbursements on the following portions of secured claims dealt with in the Plan:

| Name of Creditor | Collateral Description (if any) | Monthly Amount | Balance |
|---|---|---|---|
| American Honda Finance Corp Bankruptcy | 2007 Honda Accord (ex-wifes) | $761.00 | $5,930.02 |
| Citizens Bank | 2003 Jayco 31FKS | $299.00 | $16,248.59 |
| City of Plano | Homestead | | $1,603.00 |
| Collin County | Homestead | | $1,072.00 |
| Plano ISD | Homestead | | $4,506.00 |
| Texans Credit Union | 2008 Chevrolet Corvette | $1,550.00 | $25,989.82 |
| US Bank National Association | Homestead | $2,650.00 | $274,141.30 |
| Wellington at Preston Meadow | Homestead | $24.00 | $0.00 |

11. The following secured claims are not dealt with in the Debtor's Plan, and therefore, the automatic stay provisions of 11 U.S.C. Sec. 362 are hereby terminated and annulled only with respect to the collateral encumbered by each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|---|---|---|---|---|
| | | | | |

The automatic stay provisions of Title 11 U.S.C. Sec. 362 remain in effect as to Debtors.
The remaining portion of the debt (deficiency), if any, shall be treated as any other unsecured claim under this plan.

12. All executory contracts of the Debtor(s) are hereby assumed unless specifically rejected herein.

| Name of Creditor | Contract is assumed or rejected |
|---|---|
|  |  |

13. All funds remaining after payment of the allowed secured, priority, administrative and Debtor(s) attorney fee claims specifically provided for in the Debtor's Chapter 13 Plan hereby confirmed shall be distributed Pro-Rata among the unsecured creditors whose claims have been duly filed and allowed.

The foregoing provisions regarding secured and priority claims are based upon claims that have been filed or otherwise disclosed to this Court as of this date. The Court retains jurisdiction to review this Order upon the request of any interested party if additional claims are filed and allowed subsequent to the entry of this Order, which would render inaccurate the Court's findings.

14. The Court finds that the attorney's fees of the Attorney(s) for Debtor(s) in this case are reasonable, necessary and of benefit to the estate.

15. IT IS FURTHER ORDERED that upon confirmation, all property of the estate shall vest in the Debtor(s) subject to the automatic stay of 11 U.S.C. §362 until an order of Discharge or Dismissal is entered.

Signed on 03/17/2014

*Brenda T. Rhoades*  SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

/s/ Mark S Rubin / Kelli L Johnson
_____
Mark S Rubin / Kelli L Johnson
*Attorney for Debtor*

_____
**Date**

*[signature]*
_____
Janna L Countryman
*Chapter 13 Trustee*

_____
**Date**

## Additional Provisions of the Plan

**Additional Provisions**

Check all that apply:

__X___ Unsecured creditors shall not be limited to the amount listed in the plan if futher amounts are available after other stated creditors are paid.

_____ The following creditors shall be paid pursuant to paragraph 6(b) of the plan rather than the paragraph stated:

_____

_____

__X__ This order contemplates the payment in full of all allowed unsecured claims. If there are more allowed unsecured claims than anticipated, the Debtor(s) shall modify the plan to provide more funding.

_____ The Debtor(s) shall use best efforts to prosecute the claim(s) against _____. Debtor(s) shall turn over any proceeds from the claim to the Trustee except those proceeds that are determined by the Court or agreement with the Trustee to be both exempt and not disposable income. Any such turnover of proceeds will be in addition to the payments and total previously stated in this order. The plan shall not be complete and the Debtor(s) shall not receive a discharge until the claim(s) are reolved and appropriate payments to the Trustee are made.

_____ The Trustee shall hold in escrow debtor's attorney's fees. Such fees are allowed preliminarily. Final determination of the appropriate fees will be made in the context of the Trustee's Recommendation Concerning Claims. The Debtor's attorney will file a fee application before the deadline to object to the Trustee's Recommendation Concerning Claims. If the application is not filed within that time, the Debtor's attorney shall be awarded the amount of fees stated in Local Rule 2016.

_____ Despite any language in the plan or this order regarding the vesting of property, the responsibility for insuring property remains with the Debtor(s).

_____ Notwithstanding any provision herein to the contrary, the deadlines to file the Trustee's Recommendation Concerning Claims, objections to the Trustee's Recommendation Concerning Claims, and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

_____ Although the Debtor(s) have little or no income tax withheld from paychecks, annual tax refunds are expected due to Earned Income Credit and Child Tax Credit. The Debtor(s) included the best estimate of the monthly average of the tax refund credits as additional income on Schedule I. Because of this, and notwithstanding any other provision of the confirmed plan, the Debtor(s) are only required to submit tax refunds to the Trustee which are more than the twelve month total of the monthly average of yearly Earned Income Credit and Child Tax Credit amounts.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: **Alan Glenn Hancock**                    CASE NO **12-41799-BTR**

*Debtor(s)*                    CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 08/01/2012 | $557.63 | 21 | 04/01/2014 | $1,476.00 | 41 | 12/01/2015 | $1,476.00 |
| 2 | 09/01/2012 | $557.63 | 22 | 05/01/2014 | $1,476.00 | 42 | 01/01/2016 | $1,476.00 |
| 3 | 10/01/2012 | $557.63 | 23 | 06/01/2014 | $1,476.00 | 43 | 02/01/2016 | $1,476.00 |
| 4 | 11/01/2012 | $557.63 | 24 | 07/01/2014 | $1,476.00 | 44 | 03/01/2016 | $1,476.00 |
| 5 | 12/01/2012 | $557.63 | 25 | 08/01/2014 | $1,476.00 | 45 | 04/01/2016 | $1,476.00 |
| 6 | 01/01/2013 | $557.63 | 26 | 09/01/2014 | $1,476.00 | 46 | 05/01/2016 | $1,476.00 |
| 7 | 02/01/2013 | $557.63 | 27 | 10/01/2014 | $1,476.00 | 47 | 06/01/2016 | $1,476.00 |
| 8 | 03/01/2013 | $557.63 | 28 | 11/01/2014 | $1,476.00 | 48 | 07/01/2016 | $1,476.00 |
| 9 | 04/01/2013 | $557.63 | 29 | 12/01/2014 | $1,476.00 | 49 | 08/01/2016 | $1,476.00 |
| 10 | 05/01/2013 | $557.63 | 30 | 01/01/2015 | $1,476.00 | 50 | 09/01/2016 | $1,476.00 |
| 11 | 06/01/2013 | $557.63 | 31 | 02/01/2015 | $1,476.00 | 51 | 10/01/2016 | $1,476.00 |
| 12 | 07/01/2013 | $557.63 | 32 | 03/01/2015 | $1,476.00 | 52 | 11/01/2016 | $1,476.00 |
| 13 | 08/01/2013 | $557.63 | 33 | 04/01/2015 | $1,476.00 | 53 | 12/01/2016 | $1,476.00 |
| 14 | 09/01/2013 | $557.63 | 34 | 05/01/2015 | $1,476.00 | 54 | 01/01/2017 | $1,476.00 |
| 15 | 10/01/2013 | $557.63 | 35 | 06/01/2015 | $1,476.00 | 55 | 02/01/2017 | $1,476.00 |
| 16 | 11/01/2013 | $557.63 | 36 | 07/01/2015 | $1,476.00 | 56 | 03/01/2017 | $1,476.00 |
| 17 | 12/01/2013 | $557.63 | 37 | 08/01/2015 | $1,476.00 | 57 | 04/01/2017 | $1,476.00 |
| 18 | 01/01/2014 | $1,475.00 | 38 | 09/01/2015 | $1,476.00 | 58 | 05/01/2017 | $1,476.00 |
| 19 | 02/01/2014 | $1,475.00 | 39 | 10/01/2015 | $1,476.00 | 59 | 06/01/2017 | $1,476.00 |
| 20 | 03/01/2014 | $1,475.00 | 40 | 11/01/2015 | $1,476.00 | 60 | 07/01/2017 | $1,476.00 |